UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MIRJAN, LLC, *et al.*, | Case No. 1:21-cv-00356 |
| Plaintiffs, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Thomas M. Parker |
| MARC I. STRAUSS CHILDREN'S TRUST II, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

Before the Court is Intervening Plaintiff Brenda Sue Steuer Revocable Trust's motion to intervene. (ECF No. 15.) Plaintiffs do not oppose the motion. (ECF No. 16.) One Defendant, the Lake County Treasurer, has appeared but not responded to the motion. Although the docket reflects service on the other Defendants, none has appeared, and none has taken a position on the motion. For the reasons that follow, the Court determines, pursuant to Rule 24(a)(2), that Intervening Plaintiff is entitled to intervene as of right. Therefore, the Court **GRANTS** the motion to intervene.

### STATEMENT OF FACTS

**A. Pre-Suit Transactions**

According to the complaint, Defendants Marc I. Strauss Children's Trust II, Marc I. Strauss Children's Trust III, and Marc Strauss entered into various financial transactions with Plaintiffs Mirjan, LLC; Mondry, LLC; and LDA, LLC. Among those transactions was an agreement whereby Plaintiffs would sell to the Trust Defendants all of their rights and interests in non-party 4550 Real Estate LLC in exchange for

$1,000,000.00. (ECF No. 1, ¶ 13, PageID #3–4.) The parties structured the payments on an installment basis and Defendant Strauss, in his individual capacity, guaranteed payment of $200,000.00 of the purchase price no later than December 31, 2019. (*Id.*, ¶ 16.) Plaintiffs allege Defendants failed to make the $200,000.00 by December 31, 2019. (*Id.*, ¶ 18.)

After some back and forth, the parties agreed that Defendants would have until March 31, 2020 to make the full payment. (*Id.*, ¶ 24, PageID #4.) Plaintiffs allege Defendants again failed to comply with their payment obligations. (*Id.* ¶ 25.) Plaintiffs then filed suit, alleging breach of contract (*id.*, ¶¶ 31–36, PageID #6–7; ¶¶ 37–42, PageID #7–8), and unjust enrichment (*id.*, ¶¶ 52–55, PageID #9). Plaintiffs also brought a claim for foreclosure on a mortgage related to a transaction between Plaintiffs and Defendant Fairport Real Estate, LLC. (*Id.*, ¶¶ 43–51, PageID #8–9.)

### B.    The Motion to Intervene

Intervening Plaintiff Brenda Sue Steuer Revocable Trust moved to intervene under Rule 24(a)(2) on the grounds that it has a 50% membership interest in Defendant Fairport Real Estate. (ECF No. 15, PageID #113.) Intervening Plaintiff claims that, pursuant to the negotiations between Plaintiffs and Defendants after Defendants defaulted on the agreement, Defendants provided Plaintiffs with a mortgage in the amount of $200,000.00, pledging certain real property owned by Defendant Fairport Real Estate as collateral. (*Id.*, PageID #114.) Defendant Fairport Real Estate is a limited liability company. (*Id.*) Defendant Marc I. Strauss Children's Trust II and Intervening Plaintiff each party own a 50% share of the company. (*Id.*)

2

Intervening Plaintiff claims Defendant Marc I. Strauss did not notify it of his intent to grant the mortgage to obtain forbearance with respect to Defendants' obligations to Plaintiffs. (*Id.*, PageID #115.) Further, Intervening Plaintiff claims that Defendants' obligations with Plaintiffs "are entirely unrelated to the operations of Defendant Fairport Real Estate, and none of the proceeds from those transactions were utilized for the benefit of Defendant Fairport Real Estate, LLC." (*Id.*)

Intervening Plaintiff also believes that Defendant Strauss is attempting to sell certain condominiums Defendant Fairport Real Estate constructed without its approval, and so anticipates filing suit against Defendants in State court for breach of contract, breach of fiduciary duty, and injunctive relief. (*Id.*, PageID #116.)

## ANALYSIS

Intervening Plaintiff seeks to intervene as of right under Rule 24(a)(2), which requires the Court, on timely motion, to permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movants ability to protects its interest, unless existing party accurately represent that interest." Fed. R. Civ. P. 24(a)(2).

Under the law of this Circuit, a proposed intervenor must establish four factors before being entitled to intervene: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot

3

adequately protect the proposed intervenor's interest. *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999).

Rule 24 should be "broadly construed in favor of potential intervenors." *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991). Also, the Sixth Circuit holds that "an intervenor need not have the same standing necessary to initiate a lawsuit in order to intervene in an existing district court suit where the plaintiff has standing." *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005) (citation omitted).

Here, the Court finds that Intervening Plaintiff has established each of the four factors listed above. First, because this case is in its early stages, several parties have yet to make an appearance, and no party will be prejudiced by allowing Intervening Plaintiff to join the case, the Court finds that the motion to intervene is timely. *See Jansen v. Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990).

In addition, Intervening Plaintiff, as a member of Defendant Fairport Real Estate, has a substantial legal interest in the subject matter of the case because it has an interest in the real property that is the subject of the foreclosure claim. Finally, because Intervening Plaintiff's interest in the case is not aligned with Defendants to the extent Defendants will benefit from the sale of the property subject to the mortgage to satisfy Defendants' financial obligations to Plaintiffs, the Court finds that Intervening Plaintiff's ability to protect its interest may be impaired absent intervention and the parties already before the Court do not adequately protect that interest.

## CONCLUSION

For the foregoing reasons, the Court finds that Intervening Plaintiff Brenda Sue Steuer Revocable Trust is entitled to intervene as of right under to Rule 24(a)(2) and, therefore, **GRANTS** the motion to intervene.

**SO ORDERED.**

Dated: June 23, 2021

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio